IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-2787 |
| | : | |
| MICHAEL ASTRUE, *COMMISSIONER* | : | |
| *OF SOCIAL SECURITY* | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                **December 28, 2012**

Plaintiff Andrea Johnson seeks review of the denial of her applications for disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration.  United States Magistrate Judge Linda K. Caracappa has issued a Report and Recommendation (R&R) recommending that Johnson's request for review be denied, to which Johnson has objected.  Upon de novo review of the R&R, Johnson's objections thereto, and the Commissioner's response, and for the reasons set forth below, Johnson's objections will be overruled, the R&R will be approved and adopted, and Johnson's request for review will be denied.

**DISCUSSION**

In a decision issued on June 15, 2009, an Administrative Law Judge (ALJ), applying the five-step sequential evaluation process for determining whether an individual is disabled, found Johnson suffers from the severe impairments of pancreatitis, headaches, depression, and anxiety, but concluded these impairments do not meet or medically equal a listed impairment.[1]  The ALJ further concluded Johnson, who was previously employed as a certified nurse's aide (an occupation involving heavy, semiskilled work), is unable to perform any past relevant work, but

---

[1] The facts regarding Johnson's impairments are discussed at length in the Magistrate Judge's R&R and will not be repeated here.

has the residual functional capacity to perform light work, subject to certain additional limitations.  Finally, the ALJ concluded there are jobs in significant numbers in the national economy that a person with Johnson's age, education, work experience, and residual functional capacity can perform, and Johnson is therefore not disabled.

In her request for review, Johnson argued the ALJ's decision is not supported by substantial evidence because (1) the Commissioner did not meet his burden to rebut Johnson's prima facie case of disability by proving Johnson could perform "full time" work in light of the vocational expert's testimony that a person's inability to maintain regular attendance at work or to complete full work days on an ongoing basis "would preclude sustaining any type of competitive employment"; (2) the ALJ failed to consider an assessment of Johnson's ability to do work-related activities completed by her treating psychiatrist and submitted after the hearing on Johnson's applications but before a written decision was issued; and (3) the August 2007 assessment of Johnson by consultative examiner Lori Hart, Ph.D., does not constitute substantial evidence to rebut Johnson's prima facie case of disability.  In a thorough and well-reasoned R&R, the Magistrate Judge addressed each of Johnson's arguments and recommended her request for review be denied, finding the ALJ's decision was supported by substantial evidence.

As to Johnson's first argument, the Magistrate Judge found the ALJ's decision reflected that the ALJ had considered all of the medical evidence and testimony before her and found no basis to conclude Johnson was likely to miss many days of work each month, making the vocational expert's testimony regarding absenteeism irrelevant.  Based on the ALJ's review of the evidence, the Magistrate Judge found the Commissioner had satisfied his burden to prove Johnson could perform full-time work.  As to the ALJ's failure to consider the post-hearing assessment by Johnson's treating psychiatrist, the Magistrate Judge found that although the

assessment had been sent via fax to the ALJ on the afternoon of Thursday, June 11, 2009, shortly before the ALJ's written decision was issued on Monday, June 15, 2009, it appeared the assessment had not actually been incorporated into Johnson's file before the decision was issued. Treating the assessment as "new evidence" that was not before the ALJ, the Magistrate Judge concluded the assessment did not provide a basis for a "new evidence" remand pursuant to sentence six of 42 U.S.C. § 405(g) because Johnson could not show there is a reasonable probability the assessment would have altered the ALJ's decision, as it is inconsistent with Johnson's mental health treatment records for the same period.  Finally, the Magistrate Judge found the ALJ's reliance on Dr. Hart's August 2007 assessment of Johnson was appropriate, noting the ALJ had not relied solely on Dr. Hart's assessment in making a determination regarding Johnson's mental impairments.

Johnson raises three objections to the R&R.  First, without addressing the Magistrate Judge's conclusion that the ALJ did not actually receive the post-hearing assessment before issuing her written decision, Johnson objects to the ALJ's failure to consider this assessment. She argues that in disregarding the assessment, the ALJ not only violated regulations stating the Commissioner will evaluate every medical opinion received, but also, in effect, substituted her own lay opinion that Johnson had only "mild to moderate" limitations in performing activities of daily living, social functioning, and concentration for the treating psychiatrist's opinion that Johnson had greater limitations in certain specific job-related activities.

Upon review of the record, this Court agrees with the Magistrate Judge's conclusion the post-hearing assessment should be treated as new, rather than pre-decisional, evidence.  On May 21, 2009, approximately one week before the May 27 hearing, Johnson's counsel sent a fax to the ALJ, advising counsel was "having difficulty obtaining additional information for

[Johnson]," and stating counsel was "making every effort to obtain this information in time for the hearing." Pl.'s Br. and Statement of Issues Ex. A. The record does not reflect, however, that counsel asked the ALJ to hold the record open following the hearing or otherwise indicated additional evidence would be forthcoming. Although the post-hearing assessment was faxed to the ALJ before her decision was issued, because the fax was sent only one and a half business days before the decision was issued, and because the ALJ had no reason to expect a post-hearing submission from counsel, it is reasonable to infer from the ALJ's failure to mention the assessment that it was not part of her file at the time of her decision. This conclusion is underscored by the fact the Appeals Council treated the assessment as "additional evidence" beyond that presented to the ALJ. R. at 5. In these circumstances, the Magistrate Judge properly considered the post-hearing assessment as "new evidence," and Johnson's first objection is therefore without merit.

Second, Johnson objects that the Magistrate Judge improperly conducted an independent review of her mental health treatment records "in order to salvage defendant's case." Pl.'s Objections 3. This objection appears to be directed at the Magistrate Judge's determination that the new evidence proffered by Johnson (i.e., the post-hearing assessment by her treating psychiatrist) was not material because the assessment was not supported by Johnson's mental health treatment notes for the same period, and thus there was no reasonable possibility it would have changed the ALJ's decision. *See Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984) (holding evidence must be material to support a new evidence remand pursuant to sentence six of 42 U.S.C. § 405(g) and explaining "the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination").

A court reviewing an ALJ's denial of Social Security benefits may not cure the ALJ's failure to consider relevant and probative evidence by citing other evidence in the record not mentioned by the ALJ. *See Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001). But this is not what the Magistrate Judge did in this case. As an initial matter, because the post-hearing assessment was not before the ALJ when her decision was issued, the question here is not whether the ALJ erred in failing to consider the assessment in rendering her decision, but whether the assessment is sufficiently probative to create a reasonable possibility of reversal. *See Szubak*, 745 F.2d at 833 (describing materiality standard for a new evidence remand). Moreover, in finding the assessment was not material, the Magistrate Judge did not consider records not also considered by the ALJ. As the Magistrate Judge noted, the ALJ reviewed Johnson's mental health treatment records and cited those records in finding Johnson had only mild to moderate limitations in the relevant areas, *see* R. at 17, and in determining her residual functional capacity, *see* R. at 19-20. Although the Magistrate Judge discussed certain records in greater detail than the ALJ, this is not a case in which the Magistrate Judge relied on records not considered by the ALJ. *Compare* R&R 18-19 (discussing mental health records containing GAF scores), *with* R. at 19 (same). Accordingly, Johnson's second objection will also be overruled.

Finally, Johnson contends, without elaboration, that the Magistrate Judge misinterpreted and never properly addressed her argument regarding the ALJ's reliance on Dr. Hart's August 2007 assessment. Because Johnson provides no explanation as to how her argument was misinterpreted, this objection is difficult to evaluate. In her request for review, Johnson argued the ALJ's reliance on Dr. Hart's assessment was inconsistent with the ALJ's conclusion that Johnson suffers from the severe impairments of depression and anxiety because a state agency reviewing doctor (Dr. Prout) relied on the same assessment to conclude Johnson suffers from

only mild functional limitations as a result of these impairments, and because a finding of severe impairments would necessarily result in significant vocationally relevant limitations.  Johnson also argued the ALJ's conclusion that Dr. Hart's assessment was consistent with the remainder of the record was inadequate because the ALJ did not provide a sufficiently detailed analysis of Johnson's mental health treatment records.

As to the former argument, the Magistrate Judge found no inconsistency, noting Dr. Prout's evaluation was less favorable to Johnson than Dr. Hart's assessment (and than the ALJ's ultimate findings), and also found Johnson was not prejudiced by the ALJ's failure to address Dr. Prout's unfavorable evaluation in any event.  As to the latter argument, while the ALJ provided few specific citations to Johnson's treatment records, the Magistrate Judge concluded the record reflected that the ALJ reviewed the treatment notes and other evidence, including Johnson's testimony, and her acceptance of Dr. Hart's assessment was therefore adequately supported by the record.  Although the Magistrate Judge did not specifically address Johnson's argument that the ALJ's finding of severe impairments would necessarily translate into significant vocationally relevant limitations, as the Magistrate Judge recognized elsewhere in the R&R, the ALJ did in fact find Johnson had additional, vocationally relevant limitations as a result of her depression which prevented her from performing the full range of light work.  Specifically, the ALJ found Johnson was limited to "simple repetitive work tasks, without assembly lines or teams, as self paced as possible so that short periods of inattention can be made up by the end of the day."  R. at 18; *see also* R&R 21 (finding "the ALJ adequately accounted for plaintiff's mental issues" by including such limitations).  Because the Magistrate Judge adequately addressed Johnson's objection to the ALJ's reliance on Dr. Hart's assessment, this objection, too, will be overruled.

For the reasons set forth above, Johnson's objections to the R&R will be overruled, the R&R will be approved and adopted, and Johnson's request for review will be denied.  An appropriate order follows.

BY THE COURT:


     /s/ Juan R. Sánchez
Juan R. Sánchez